A. Alvarez & Hno., demandantes y apelados, *v.* Isidoro Mitchel, demandado y apelante.

No. 3526.—*Visto:* Abril 17, 1925. *Resuelto:* Agosto 1, 1925.

1. Evidencia—Prueba Oral o Extrínseca que Afecta a los Escritos—Contratos de Ventas Condicionales—Prueba en Cuanto al Precio de la Venta.—Expresando un contrato de venta condicional que determinada cantidad procede de la venta de un *truck* y no que ella fuera el precio de la venta, la introducción de prueba del precio de la venta no tiende a variar los términos del contrato.

2. Apelación y Error—Revisión—Errores no Perjudiciales—Nombramiento de Árbitros.—Existiendo una cuenta complicada, la corte tiene discreción, en ausencia de seria objeción a ello, para nombrar un contable o árbitro, y el hecho que la corte exprese mal la forma en la cual el supuesto árbitro ha sido nombrado es un error no perjudicial.

Sentencia de *M. Rodríguez Serra*, J. (Segundo Distrito, San Juan), declarando con lugar la demanda, con costas. *Confirmada.*

*M. Cruz Horta y Sebastián García*, abogados del apelante; *F. Soto Gras*, abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

[1] El primer señalamiento de error trata de una cuestión de evidencia. El apelante expresa que los demandantes introdujeron prueba tendente a variar los términos de un contrato por escrito. Sin discutir las excepciones a esta regla muy debatida, aparece suficientemente que no había tal variación. La contención específica es que en una venta condicional de un automóvil el precio fué fijado en la suma de $2,317.64, mientras que en el juicio a los demandantes se les permitió probar que el precio de venta era $2,817.64, y

que la suma de $500 fué pagada de contado. El documento en cuestión meramente expresa que esa cantidad de $2,317.64 procede de la venta condicional de un truck. En otras palabras, que $2,317.64 se debían con motivo de la venta y no que el precio de la venta se fijó en esa cantidad. Y no consta tampoco que el apelante formulara la debida objeción.

[2] Puede existir alguna duda en cuanto a si el demandado consintió en que se hiciera el nombramiento de un llamado árbitro en el caso y quizás la corte no estuvo justificada en manifestar que existió ese consentimiento. Creemos, sin embargo, que no había ninguna seria objeción y como existía una cuenta complicada la corte tenía discreción para nombrar un contable o árbitro. Artículo 205 del Código de Enjuiciamiento Civil. Era un error que no perjudicaba a lo sumo el que la corte expresara mal la forma en la cual el supuesto árbitro había sido nombrado.

La siguiente objeción es que la corte permitió que el perito fuera interrogado por el abogado y negó el mismo privilegio al abogado del demandado. Las páginas a las cuales el apelante se refiere no revelan tal estado de hechos y los apelados dicen que los autos no lo revelan. No encontramos justificada esta objeción en los autos.

El cuarto señalamiento de error se refiere a la apreciación de la prueba, y el apelante no nos convence de que la corte incurriera en error.

El quinto señalamiento de error expresa que la corte cometió error en su sentencia y al no dictar resolución en cuanto a la contrademanda. La contrademanda alegaba la misma materia que la defensa. El apelante no argumenta seriamente esta cuestión. Por tanto, no vemos razón alguna para discutirla.

Otras cuestiones que se mencionan en el alegato no fueron debidamente señaladas y no merecen ulterior mención.

*Debe confirmarse la sentencia.*